**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | | |
|---|---|---|
| Louis Lomas, | ) | |
| | ) | Civil Action No. 6:19-cv-00622-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| A. Vereen, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Louis Lomas, proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2241 (2008). Petitioner challenges the disciplinary action taken against him at the Federal Correction Institution ("FCI") Edgefield. Respondent A. Vereen filed a Motion for Summary Judgment on May 19, 2019. (ECF No. 13.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), filed October 17, 2019. (ECF No. 19.) For the reasons stated below, the court **ACCEPTS** the Report (ECF No. 19), **GRANTS** Respondent A. Vereen's Motion for Summary Judgment (ECF No. 13), and **DISMISSES** Petitioner Louis Lomas' Section 2241 petition (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which the court incorporates herein without a full recitation. (ECF No. 19 at 1–11.) On March 4, 2019, Petitioner filed a Section 2241 petition against Respondent challenging the disciplinary action taken against him at FCI Edgefield. (ECF No. 1.) On April 24, 2018, Petitioner received an incident report (ECF No. 13-2) at FCI Edgefield for violating Prohibited Act Code 112, Use of Any Narcotics, after Petitioner tested positive for marijuana. (ECF No. 19 at 1.) A Unit Discipline Committee hearing was held on April 25, 2018, during which Petitioner declined

to comment, and the incident report was forwarded to the Disciplinary Hearing Officer ("DHO") for further processing. (*Id.* at 2.) Before the DHO hearing, Petitioner was notified of the hearing, advised of his rights at the upcoming hearing, and did not request a staff representative or witnesses for the hearing. (*Id.*) However, Petitioner requested copies of the chain of custody form and lab report. (*Id.*) At the DHO hearing, Petitioner again made no comments. (*Id.*) In finding that Petitioner violated Prohibited Act Code 112, the DHO considered, in addition to the incident report and the investigation, the chain of custody form, the lab report, and a memorandum from the FCI Edgefield medical staff. (ECF No. 13-5, § III.) Petitioner's disciplinary action resulted in, but not limited to, a loss of 41 days good conduct time. (*Id.*, § VII.) The DHO report was completed on June 6, 2018. (*Id.*, § IX.) On July 28, 2018, Petitioner appealed the decision, but the appeal was denied because he had not yet received a copy of the DHO report. (ECF No. 19 at 3.) Petitioner received a copy of the DHO report on May 15, 2019. (*Id.* at 9.)

In Petitioner's Section 2241 petition, he requests relief on the grounds that (1) Respondent failed to provide the lab report and chain of custody form, and thus did not have the opportunity to argue crucial dates, signatures, and other information was missing; (2) the medical staff allegedly failed to follow proper procedure when administering the urine test, and; (3) Respondent failed to timely provide the DHO report. (*Id.* at 4, 6.) Petitioner seeks to have the disciplinary action expunged and his good conduct time restored. (*Id.* at 4.)

On May 16, 2019, Respondent filed a Motion for Summary Judgment (ECF No. 13), Petitioner filed a Response in Opposition (ECF No. 16), and Respondent filed a Reply (ECF No. 18).

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and

Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The court is required to interpret *pro se* documents liberally and will hold those documents to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *see also Hardin v. United States*, C/A No. 7:12-cv-0118-GRA, 2012 WL 3945314, at *1 (D.S.C. Sept. 10, 2012). Additionally, *pro se* documents must be construed in a favorable manner, "no matter how inartfully pleaded, to see whether they could provide a basis for relief." *Garrett v. Elko*, No. 95-7939, 1997 WL 457667, at *1 (4th Cir. Aug. 12, 1997). Yet, even though *pro se* documents are liberally construed by federal courts, "[t]he 'special judicial solitude' with which a district court should view *pro se* complaints does not transform the court into an advocate." *Weller v. Dep't of Soc. Servs. for Balt.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. ANALYSIS

The Magistrate Judge states "28 U.S.C. § 2241 is the proper means for a federal prisoner to challenge the BOP's sentencing calculations, including good conduct time credits." (*Id.*

(citing *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004)).) In disciplinary proceedings, a prisoner has due process rights, and any disciplinary decision implicating a prisoner's due process rights must be supported by at least "some evidence." (ECF No. 19 (citing *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–55 (1985)).)

Here, there is "some evidence" in the record to support DHO's finding that Petitioner was guilty of marijuana use, including the incident report, the lab report, the memorandum from the FCI Edgefield medical staff, and the chain of custody form. (ECF No. 13-5, § III.) With respect to Petitioner's first argument, Peitioner was given the incident report, which disclosed the results of the lab report, and thus a copy of the lab report would not have provided any additional information not contained in the incident report. Further, Petitioner signed the chain of custody form indicating he provided the urine specimen. "[W]hile the petitioner is correct that the laboratory did not sign the line indicating that the specimen was received, the Pharmatech Laboratories report shows a positive reading for marijuana for the Specimen ID Number matching that on the chain of custody form for the urine sample collected from the petitioner." (ECF No. 19 at 9.) The laboratory's failure to sign the line indicating the specimen was received does not destroy the chain of custody. (*Id.* (citing *Saintignon v. Brown*, No. 2:17-cv-00312-WTLMJD, 2018 WL 259944, at *2 (S.D. Ind. Jan. 2, 2018)).) The fact Petitioner did not receive the chain of custody form or lab report prior to the DHO hearing is of no consequence because Petitioner clearly waived his right to a staff representative who may have been able to assist him with reviewing such documentation prior to the hearing, and "a prisoner is not guaranteed unfettered access to exculpatory evidence in the context of a disciplinary hearing." (ECF No. 13 at 11 (citing *Johnson v. Warden, FCI Williamsburg*, C/A 1:13-3347-JFA-SVH, 2014 WL 4825926, at *2 (D.S.C. Sept. 24, 2014), aff'd 597 F. App'x 161 (4th Cir. 2015)).)

With respect to Petitioner's second argument that staff failed to follow proper procedure because "foreign matter was 'floating' inside the 'sealed' container" or urine (ECF No. 1 at 6–7), Petitioner could have raised the issue in the DHO hearing, but had "no comment." (ECF No. 19 at 8.) Raising this issue would not have required him to have a copy of any documentary evidence prior to the hearing. (*Id.*) Particularly, a copy of the lab report would not have provided any additional information than that already in the incident report. (*Id.*)

Finally, even though Petitioner had not received a copy of the DHO report at the time he filed the petition, Petitioner's due process rights were not violated. "Under BOP policy, a DHO is to give the inmate a written copy of the decision, ordinarily within 15 work days of the decision . . . [h]owever, '[v]iolations of BOP regulations do not equate to a violation of due process.'" (*Id.* (quoting *Guerra v. Atkinson*, No. 4:13-2062-MGL, 2014 WL 1400808, at *7 (D.S.C. Apr. 10, 2014) (internal quotation marks omitted)).) Petitioner has also failed to show that he was prejudiced by the delay in receiving the DHO report. (*Id.*)

Petitioner filed objections ("Objection") to the Magistrate Judge's Report and Recommendation on November 11, 2019. (ECF No. 21.) The court finds Petitioner's Objection rehashes arguments concerning the validity of the lab report results and the delay in receiving the DHO report. However, the Magistrate Judge's Report adequately addressed and dispelled Petitioner's allegations concerning the lab report results and the DHO report. Further, the court is not obligated to provide *de novo* review because Petitioner fails to provide specific objections to the Report. *See* Fed. R. Civ. P. 72(b)(3) (requiring a district judge to determine de novo any part of the magistrate judge's disposition from which there have been proper objects). Upon review of the record, no clear errors were found.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS**

the Magistrate Judge's Report and Recommendation (ECF No. 19), **GRANTS** Respondent A.

Vereen's Motion for Summary Judgment (ECF No. 13), and **DISMISSES** Petitioner Louis

Lomas' Petition (ECF No. 1).

     **IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

February 26, 2020
Columbia, South Carolina